**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WALTER RICHARD SCHMIDT,

        Petitioner,

v.                                 Case No. 18-12810

MELINDA K. BRAMAN,

        Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Walter Richard Schmidt, ("Petitioner"), incarcerated at the Parnall Correctional Facility in Jackson, Michigan, seeks the issuance of a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his sentence imposed in the Emmet County Circuit Court. For the reasons that follow, the petition is DENIED.

**I. BACKGROUND**

Petitioner was charged with 20 different criminal counts and being a habitual offender. On June 21, 2016, Petitioner pleaded guilty to two counts possession of child sexually abusive materials[1] and one count of using a computer to commit a crime[2] as part of a plea agreement. Petitioner also pleaded guilty to possession of a stolen financial transaction device, but he does not appear to challenge that conviction or sentence in his petition. The remaining charges were dismissed against Petitioner.

---

[1] Mich. Comp. Laws § 750.145C(4)(a).

[2] Mich. Comp. Laws § 752.797(3)(d).

On August 9, 2016, Petitioner was sentenced to two to four years in prison on the child sexually abusive materials convictions, six months to be served concurrently on the stolen transaction device conviction, and of four to seven years to be served consecutively on the charge of using a computer to commit a crime.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Schmidt*, No. 336792 (Mich. Ct. App. Mar. 10, 2017), *aff'd* 902 N.W. 2d 630 (Mich. 2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. The trial court erred in scoring offense variable nine in [Petitioner's] case.
>
> II. Pursuant to *People v. Needham*, 299 Mich. App. 251, 254-55 (2014), [Petitioner] should have been scored 10 points, not 15 points, under OV 10 for exploitation of a vulnerable victim. MCLA 777.40(1)(b).
>
> III. The sentencing court erred when it scored offense variable four ("OV 4") on the basis of facts not admitted by the [Petitioner] or necessarily found by by a jury verdict, which increased the floor of the [Petitioner's] sentencing guidelines range, i.e. the [Petitioner's]"mandatory minimum" sentence, in violation of the Sixth Amendment and *People v. Lockridge*, 498 Mich. 358 (2015).
>
> IV. The trial court violated [Petitioner's] due process rights, when it sentenced him based upon admissions, and uncontested facts contained within the presentence report.
>
> V. The sentence imposed on [Petitioner] was unreasonable and violated the principal of proportionality under *People v. Lockridge,* 498 Mich. 358 (2015) and *People v. Milbourn,* 425 Mich. 630 (1990).

(Dkt. #1, PageID 2.)

## II. STANDARD

Pursuant to 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas cases are subject to the following standard of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–6 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts may summarily dismiss any habeas petition that is legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Crump v. Lafler,* 657 F.3d 393, 396, n. 2 (6th Cir. 2011); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing §

2254 Cases, R. 4 (U.S. Cts. 2010). The Sixth Circuit has long indicated a disapproval of "the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Henry v. Terris*, No. 1713153, 2018 U.S. Dist. LEXIS 109656, at *4 (E.D. Mich. July 2, 2018)) (*quoting Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970)). A district court, therefore, shall screen out any habeas corpus petition which is meritless on its face. *Allen,* 424 F.2d at 141. "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.*

After reviewing the Petition, the court concludes that Petitioner's claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### III. DISCUSSION

The court consolidates Petitioner's claims because they all involve challenges to his sentence. Petitioner alleges that the trial court judge erroneously scored several offense variables (OV) under Michigan's sentencing guidelines. Petitioner also claims that the trial judge violated his Sixth Amendment right to trial by jury by using factors that had not been proven beyond a reasonable doubt or admitted to by Petitioner in scoring his offenses.[3] Petitioner also claims that the judge considered uncharged acts contained in the pre-sentence report to fashion Petitioner's sentence. Lastly, Petitioner claims that his sentence is disproportionate.

---

[3] Although Petitioner only raises a Sixth Amendment challenge to the scoring of OV 4 in his third claim, within his first claim he suggests that his Sixth Amendment right to a jury was violated by the scoring of OV 9. (*See* Dkt. #1, PageID 30–31.)

4

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range is not cognizable on federal habeas review. Any error in calculating a sentence under state sentencing guidelines as an issue of state law and does not independently afford Petitioner relief on collateral review. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016) ("[E]rrors in the application of state sentencing guidelines . . . cannot independently support habeas relief"); *Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003).

Petitioner next argues that the trial court judge violated his rights under the Sixth Amendment by calculating his sentence in reliance on information contained in his presentence report and other facts not submitted to the jury. (Dkt. #1, PageID 37, 41.)

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense and must be proved beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 ( 2013). *Alleyne* expands the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that only factors that increase the maximum, as opposed to the minimum, sentence must be proved beyond a reasonable doubt to a factfinder. *Alleyne,* 570 U.S. at 106–07. In

*Alleyne*, the Court indicated that its ruling did "not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at 116.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violated the Sixth Amendment right to a jury trial. *See People v. Lockridge,* 870 N.W.2d 502 (Mich. 2015). The Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines scheme violated the Sixth Amendment because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence under *Alleyne*." *Lockridge*, 870 N.W.2d at 506 (emphasis in original). The Michigan Supreme Court's remedy for the unconstitutionality of Michigan's guidelines was to sever and strike the mandatory component of the guidelines and make them advisory. *Id.* at 520–21 (*relying on Booker*, 543 U.S. at 264–265 (holding that the remedy for the unconstitutionality of the mandatory federal sentencing guidelines was to sever only the mandatory component while still requiring courts to consider the guidelines in an advisory capacity)).

The Sixth Circuit recently granted habeas relief on a challenge to Michigan's sentencing guidelines on the basis that the Supreme Court's decision in *Alleyne* clearly established that Michigan's *mandatory* minimum sentencing scheme was unconstitutional. *Robinson v. Woods*, No. 16-2067, 2018 WL 4039848, at * 5–6 (6th. Cir. Aug. 24, 2018) (emphasis added). In so ruling, the Sixth Circuit concluded that "Michigan's sentencing regime violated *Alleyne's* prohibition on the use of judge-found

6

facts to increase mandatory minimum sentences. *Id.* at * 5 (citing *Alleyne*, 570 U.S. at 111–12).

Petitioner's case is distinguishable from the petitioner's case in *Robinson* because he was sentenced on August 9, 2016, after the Michigan Supreme Court held in *Lockridge* that Michigan's sentencing guidelines are no longer mandatory. Purely advisory applications of the sentencing guidelines do not violate the Sixth Amendment. *See Booker*, 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."); *see also United States v. Cook,* 453 F.3d 775, 777 (6th Cir. 2006) (holding that defendant's sentence based on facts other than those rendered in the verdict or admitted to by defendant did not violate his Sixth Amendment because he was sentenced under advisory, rather than mandatory, sentencing guidelines).

"After *Lockridge*, a trial court's imposition of a sentence, no matter how it may be guided by the sentencing guidelines, represents an exercise of the court's discretion." *Fitzgerald v. Trierweiler*, No. 17-CV-435, 2017 WL 2790710, at * 7 (W.D. Mich. June 28, 2017). Because Petitioner was sentenced after the decision in *Lockridge,* the sentencing guidelines were no longer mandatory, thus, the sentence imposed was an exercise of the judge's discretion. *Id.* "Facts the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." *Id.* The Michigan courts thus reasonably rejected Petitioner's Sixth Amendment claim. *Id.*

Petitioner's claims that his due process rights were violated because the sentencing judge considered other criminal charges that had been dismissed against

7

him, but included in the pre-sentence report, also fails. "[I]f the government promises not to prosecute a defendant for certain offenses in exchange for a guilty plea to a different offense, the sentencing court may nevertheless consider the relevant but uncharged conduct so long as the punishment selected is within the statutory range for the offense of conviction." *Allen v. Stovall*, 156 F. Supp. 2d 791, 796 (E.D. Mich. 2001) (*quoting Ables v. Scott*, 73 F.3d 591, 593 (5th Cir. 1996)).

Petitioner lastly contends that his sentence is disproportionate. A habeas petitioner who attacks the severity of a prison sentence on Eighth Amendment grounds faces a formidable challenge. He or she may obtain relief only if the state court decision contravened or misapplied "clearly established" Supreme Court precedent. However, the Supreme Court has acknowledged "that our precedents in this area [the Eighth Amendment] have not been a model of clarity." *Lockyer v. Andrade,* 538 U.S. 63, 72 (2003). "Indeed, in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow." *Id.* Thus, the Supreme Court declared that the general applicability of the proportionality standard to term-of-years sentences was clearly established, but confessed to a lack of clarity as to the factors lower courts should consider in making that determination. *Id.* The Supreme Court concluded by noting that the disproportionality principle is applicable "only in the 'exceedingly rare' and 'extreme' case." *Id.* For example, in *Lockyer,* the Supreme Court reversed the Ninth Circuit's grant of a writ of habeas corpus for a petitioner who received two 25-year-to-life sentences under California's "three strikes" law, where the triggering felony was the theft of $50 worth of videotapes.

In, *Harmelin v. Michigan*, a plurality of the Supreme Court held that the Eighth Amendment does not require strict proportionality between the crime and sentence. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980) (holding that defendant's life sentence under recidivist statues for low-value thefts did not violate the Eighth Amendment); *see also Ewing v. California,* 538 U.S. 11 (2003) (affirming defendant's 25-years-to-life sentence upon his fifth theft-related felony conviction).

In the present case, Petitioner's sentences fell within the maximum sentence set by state law, and "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *Calvey v. Burt*, No. 17-1926, 2018 U.S. App. LEXIS 12614, at *14 (6th Cir. Apr. 30, 2018) (*quoting United States v. Organek,* 65 F. 3d 60, 62 (6th Cir. 1995)). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (*quoting Williams v. New York,* 337 U.S. 241, 245 (1949)).

Given the vagueness of the gross-disproportionality principle and its limited application in "only in the 'exceedingly rare' and 'extreme' case," this court concludes that the state courts did not unreasonably apply clearly established law in rejecting Petitioner's proportionality claim. *Smith v. Howerton*, 509 F. App'x. 476, 481 (6th Cir. 2012) (internal quotations omitted). The mere fact that Petitioner was sentenced to consecutive prison terms does not render his current sentence unconstitutional because each sentence was within the statutory maximum for the offense under Michigan law.

*See e.g. Cowherd v. Million*, 260 F. App'x. 781, 784-86 (6th Cir. 2008) (holding that consecutive sentences of 104 years for first-degree rape, sodomy, and criminal trespass were not grossly disproportionate where the sentence for each of the offenses was within the statutory maximum under state law for that offense). Accordingly, Petitioner is not entitled to habeas relief based on any of the arguments he raises.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, the court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the court will deny a certificate of appealability.

## V. CONCLUSION

IT IS ORDERED that the Petition for Writ of Habeas Corpus [Dkt. # 1] is DENIED and the Certificate of Appealability is DENIED.

                                                     s/Robert H. Cleland
                                                     ROBERT H. CLELAND
                                                     UNITED STATES DISTRICT JUDGE

Dated: October 10, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 10, 2018, by electronic and/or ordinary mail.

              s/Lisa Wagner
              Case Manager and Deputy Clerk
              (810) 292-6522

S:\Cleland\Cleland\HEB\Habeas\18-12810.SCHMIDT.opinion.HEB.docx